Good morning, Your Honors. Frank Boyser on behalf of the appellant, Dr. Shah. I don't want to digress. I'm going to get to the main argument, but just the procedural history of this case is so convoluted. And it reminds me of the great Gregory Chaitin, the noted mathematician who's involved in digital, what they called the field of non-Pythagorean, neo-Pythagorean mathematics. I saw it on YouTube the other day. But he talks about the area of digital physics or digital philosophy. There's a question of how physicists measure entropy in a black hole. And when I heard that, I thought about this case. I did not litigate this at the trial level, as the court may know. But when I took it up on appeal here, I concentrated mainly on the claims that I thought did have some merit. And the issue I would like to first address is the issue of attorneys fees. As the court may know, the district court dismissed Dr. Shah's claims on a motion for summary judgment by the county. And it did so on the both the first, second and fifth remaining claims. Those were claims that had remained after the court had dismissed the other claims in the third amended complaint based on a motion to dismiss. And the district court did so both on procedural bars, statute of limitations grounds, and also found on the merits that there was no evidence to support Dr. Shah's claims. I have submitted both in my brief and in a FRAP 28-J letter that I submitted to the court the other day, I have argued that if, in fact, the court had dismissed it on procedural grounds on a statute of limitations basis, even if it had reached the merits, it still was not a ground for attorney fees under Federal law, both under Title VII, 42 U.S.C. 1981 or 42 U.S.C. 1988 for the 1983 claim. And that would apply also to the 1981 claim. And the reason is this circuit is held, and I cited Case Branson v. Knott, and I also submitted a FRAP 28-J letter, a case recently decided by Judge, I believe Judge O'Scanlan, authored the opinion in Klamath, Siskiyou Wildlife v. U.S. Department of Land, that for a prevailing party status under Federal law, and that's applied consistently throughout the United States Code, if a case is dismissed on procedural grounds, the court never gets to the Constitutional's claims. It cannot award any relief on the merits. Now, in that case, the Klamath case, it was the plaintiff who was not awarded his attorney's fees, even though a court had, as I understood it, determined that there was merit to the claims. But in this case, I would argue that it's a reciprocal basis. If, in fact, this case was barred by statute of limitations, even though the district court found that there was no merit to the claims, the statute of limitations bars would have prevented the court from awarding Dr. Shaw any award, even if he had the best claims in the world. And if he couldn't get any kind of relief on the merits because of the statutory bar, then I would argue the defendants cannot get any relief based on the statutory bar. It's the same procedural limitation. And the Branson case is very clear. I'm just not understanding the reasoning there. If the district court found that the claims were extasious and formless, right? And on that basis, they awarded attorney's fees. Correct. I don't understand what it is that concludes. And, in fact, some of those claims you haven't even appealed. So it sort of tends to suggest the district court may have denied about that. Well, it's my understanding. I mean, the district court order on the attorney's fees was not at all clear. I thought it was very cryptic. It was only a one-line basis that there was long history of litigation, and, therefore, it found in favor of defendants on the attorney's fees. It's not clear, number one, on what statutory grounds the district court found it. And, number two, looking back on the order dismissing summary judge in favor of summary judge, it found both on any alternative, on procedural grounds and on the merits. And my argument is this circuit certainly holds that if there's ‑‑ it's a procedural limitation. Even if you have the most frivolous case in the world, you cannot award fees under 42 U.S.C. 1988. That's what the Branson case says explicitly. She doesn't feel it. Pardon me? She doesn't feel it. I'm sorry. She doesn't feel it. Yes, it does. Branson ‑‑ So if you bring a claim that's procedurally wrong, but substantially frivolous. Absolutely. Branson was a case in which the district court found that the case was frivolous and without merit, and the ‑‑ this court found, the circuit found that it didn't matter. It could be, in fact, the most frivolous case in the world, but it's a procedural limitation, and it's therefore not a prevailing part in the other merits. Branson, first of all, is a case where we found no subject matter jurisdiction, right? I'm having trouble hearing you. No subject matter jurisdiction. Don't ‑‑ No subject matter jurisdiction. Yes, I understand that, but ‑‑ It's not just any old procedural bar. It is no subject matter jurisdiction, and maybe that if there's no subject matter jurisdiction, then there's nothing the court can do. I'm not sure that's what it says, but that has some semblance of plausibility. I don't think it's just the jurisdictional issue that's the basis there. As I understand, Branson, it talked in the alternative, one, that the court didn't have jurisdiction, and one, that it didn't matter, it was not a prevailing ‑‑ because of the procedural limitation, it was not a prevailing party on the merits. And that's, I think, the key under 42 U.S.C. 1988. But even if that be the case in reading Branson just on its four corners ‑‑ Well, it's actually ‑‑ it's very clear what it says. It says, look, I'm looking at Branson right now, page 293, and what it says is that district court said it had no subject matter jurisdiction over a 1983 claim, and 1988 is the attorney's fee statute for claims under 1983. And therefore, since there was no subject matter jurisdiction to award substantive relief, the applicable attorney's fee statute, which is also under the same kind of jurisdiction, can't operate as a source of power for the court to grant attorney's fees. Why? Because the court has no job to subject matter jurisdiction over that statute. It certainly did not say that any kind of procedural dismissal would preclude attorney's fees, and it certainly did not say that the district court didn't have authority under its inherent power or some other authority to grant sanctions. Well, I was especially different with the ‑‑ with Your Honor's interpretation of Branson, because I believe in my opening brief at page 18, I cited Branson fully where it said there were two alternative grounds why it was not able to award attorney's fees. The first ground is, as the Court says, as Your Honor says, because it lacked jurisdiction. But then Branson clearly stated in 62F3293, in the alternative, the circuit that it held, even if the district court had the jurisdiction to impose 1988 fees, whereas here dismissal was mandated for lack of jurisdiction, the defendant is not a prevailing party on the merits within the meeting. I think the Court considered the Branson case clearly says there it's both jurisdiction and because it's a procedural limitation, it's not a ruling on the merits. You know, I sort of ‑‑ I read those two things as meaning exactly the same thing. You can't be a prevailing party under a statute over which the court has no jurisdiction. So, you know, since the court has no authority over the statute, you can't be a prevailing party. Well, I read Branson, I mean, clearly states in the subjunctive, in the alternative. I mean, why would Branson have to give two different reasons for it if it was purely just a jurisdictional issue? Then the court would not have to get to the issue of prevailing party. Well, it's because I wasn't that surest law clerk at the time. But, counsel, let me ask you a question. There's not much time left. I couldn't find a statement of facts in your brief, and I didn't see any citations to the record. You wrote the blue brief, right? Yes, I did. And I need to indicate to the Court I didn't file a reply brief, as the Court may know. I had toxic megacosm in December, one month after I filed this brief. The opening brief, I was nearly ‑‑ I hadn't rushed to see the sign. Well, the reason I raised the question is because your opposing counsel has raised the question as to whether or not you complied with our rules. I believe I did, Your Honor. And in the opening brief, I saw a statement of facts, a statement of the case at pages 3 through 5, and I made reference to the record and made reference in specific to the issues, the facts, the undisputed facts of the district court order. In other words ‑‑ And where do you do that in your brief? Pardon me? Where in your brief? In page 3 to 5, but in particular, page 4. I'm looking at page 4. Page 4 of my opening brief at ‑‑ I make reference to the excerpts of record, volume 3, page 767, lines 4 through 6. Then in ‑‑ at page 5, I make reference to volume 3, page 773, lines 2 to 14, volume 1, page 124 to 291, volume 3, page 638, 754 and 762. Well, the first one is the district court's order. And that is the order that I'm ‑‑ But that's not the same as citing to the record, citing the court below. Are there any citations in your brief to something other than them? Yes. Volume 1, which was the opposition, the opposition to the motion for summary judgment filed by Dr. Shaw, pages 144 to 291. And where do you cite this? Page 5 at the beginning and at the top. Volume 1. And you cite a swatch of 150 pages. That's your citation to the record? A block of 150 pages? Well, the point was, Your Honor, my argument was more a question of a pure question of law. On the issue of the merits, what I was arguing, based on the First Amendment claim, is that there is no evidence in the record to support the motion for summary judgment based on the petitioning claim. And the argument was, is that the district court order clearly recognized that Dr. Shaw had filed a suit in the state court against the county, had lost sometime in late 2005, and he had a First Amendment claim based on petitioning activity and including his free speech claim. And the county never raised that in their initial motion for summary judgment. So under this circuit's precedent of Nissan Fire, the burden was on the county to initially make the production on that claim, on that issue, and that's simply not in the record. It's not even contingent. Thank you. You may have pleased the Court. My name is Cindy Tobesman. I'm here for the county. The Court seems to amply understand the prevailing party issue, and so I will not belabor the point except to point out that the Klamath case, which opposing counsel has mentioned in his 28J letter, specifically states that, and this is at 589, F3rd at 1033, the case was dismissed for lack of jurisdiction, both on the ground that Klamath's defects indicate the absence of a constitutional claim or controversy because a claim cannot grant any relief. It's not surprising that where you lack subject matter jurisdiction, you can't award prevailing party attorneys' fees. That's not this case. The Court, I think, in noting the defect in his argument, points to the broader problem of this case, and that is it is frivolous beginning to end. Well, on the frivolous point, I have a little bit of difficulty with page 800 of the record, which I assume is the basis upon which you would argue that the Court made a finding of frivolousness. Is that right? I'm not familiar. What is the page? Well, if you look at the judgment to which is attached the civil minutes, and I'm looking at page 800 of the record. Do you have your copy? I don't have it in front of me. I apologize. Well, it's lower part of the page, defendant's motion for attorney's fees. And normally, one would look for a finding. I hereby find that this case was brought with frivolousness. It's vexatious. It fails to do this and that.  What is the basis upon which you find or that the district court found that this case was frivolous? Well, the Court says that in light of the protracted nature of the litigation, the fact that that's not enough, is it? No, not the protracted nature, but the fact that he attempts to reassert claims alleged in prior Federal and State court cases. Is that enough by itself? I think if you know that you're asserting claims that are stale or barred by our res judicata or collateral estoppel, that that should do the trick. And that's akin to, you know, finding out on discovery that you just don't have any basis to your claims and going forward anyway. If you know your claims are barred by res judicata and collateral estoppel because you brought the identical claims over and over again for 15 years, you know you're putting the other party out and forcing them to spend a lot of money defending against a claim because it isn't going to get out of the box. And what about the last part? And that the unreasonableness of Plaintiff's claims in the instant lawsuit. I think the unreasonableness encompasses the fact that the plaintiff's claims in the instant lawsuit. But is that the same as frivolous? Well, I think unreasonableness in the context of this case means exactly that. I mean, if you read the – in context of the rest of the district court's decision, the district court discusses the fact that Dr. Schott concedes he never heard a racist comment from anybody. He never – during the period of time that he says he was passed over for promotion, he concedes he needed to apply for a promotion, get a promotion. It hasn't applied since 1995. Okay. And what's the statutory basis upon which he is denying the motion for attorney's fee? I don't know that the Court recites the specific statutory basis, but there are a number of bases. I couldn't find any that the Court did say. Yeah. I don't think that the Court specifically calls it out. But there are a number of bases. And as Judge Kaczynski has pointed out, he didn't appeal numerous of the district court's rulings on that basis alone to affirm the award of attorney's fees in this case. I mean, it's sustainable on multiple grounds. The failure to appeal a ground is a basis for inferring frivolousness? Well, no, but the Court found – well, in this case, the Court found that they were barred by res judicata and collateral estoppel. It found that the claims were unreasonable. In other words, they have been alleged, realleged. They are the same. There's not one shred of evidence. Well, in the absence of a statutory reference by the trial court, what is your theory under which attorney's fees can be granted? Well, I think that it can be granted under multiple grounds. I think Section 1988. Okay. How about give me one, and then we'll go from there.  I think that Section 1988 clearly permits it. The Court's allowed to grant attorney's fees in its discretion. And one of the bases for doing so is to protect defendants from burdensome litigation having no legal or factual basis. I think this case fits that definition to a T. All right. And there's no – and it's purely discretionary. There's no – is there any yardstick that we should be applying? I think that it is in – well within the district court's discretion after being the one to sit and listen to the evidence, or in this case the lack of any evidence, to exercise its discretion as it sees fit. I mean, and I would urge this Court to consider awarding appellate fees. I mean, opposing counsel has made the one argument that I believe, apparently he believes is the meritorious argument that he had, and it is on its face patently frivolous. There's no basis for it. And have you sought that in your brief? We did, in the last section of our brief. And what's the basis for appellate fees? Is it a section? Section 1988 also permits.  Correct. Okay. Thank you. Thank you, Your Honor. I believe you're out of time. I'd like to take a minute for rebuttal if you may. Thank you, Your Honor. I would just mention that the district court order did not find – it seems to me there are so many multiple grounds there. Some of the grounds were on procedural limitations, but even the grounds on the merits was not on collateral estoppel, res judicata. What the court considered was evidentiary grounds, saying there was just no evidence to support Dr. Shah's claims. And it seems to me – it does not seem to me obvious that Dr. Shah's claims failed as a matter of law for purposes of 1988 fees or the reciprocal federal fees. And without the court – the district court indicating what the statutory basis for which of the claims it was finding the basis for the fees, I find it hard to see how we could have pulled this order. Section 1980 – sorry. Judge Gould with a question, please. Yes, Your Honor. How long – how long has Dr. Shah been litigating the underlying claims in one forum or another? Well, I think he has been litigating with the county since I believe sometime in 1991 or 92. Okay, so on your theory – on your theory about attorney's fees, if he were tomorrow to file a new 1983 suit and that in turn was again dismissed, would you say there never could be an award of fees against him? No, I said that the basis of the district court order, as I understand it reading the order, is that there were various grounds, some procedural and also on the merits, but the merits did not necessarily include collateral, estoppel, res judicata. The court considered – the district court considered claims that Dr. Shah had of evidence that he claimed that occurred after the operative date of the statute of limitations. Sometimes in 2007 and 2008. It wasn't going back and looking just to the previous pattern. It was also that he had no evidence in that time period that would have been timely. And even if given that, that would all be prior history. The question would be what was the basis of his claim during the time that he could have filed the claim without the statutory bar. I might add, Your Honor, that in my FRAP 28-J letter, I attached a written settlement agreement that Dr. Shah that we entered into on appeal through the mediation offices in which this litigation would have been dismissed. Dr. Shah would have not had to pay the attorney's fees and actually would have received a settlement from the county. It was signed by me, Dr. Shah, county counsel. Is that operative? Pardon me? Is that operative? Operative? Yes. In other words, is there a settlement? Well, what happened is, and county counsel is here. We are still talking about that. We signed a settlement agreement. The operative term of the agreement was Dr. Shah was to retire by March 22, 2009, or when he got a settlement check, whichever came first. What you understood is he would get, they would approve it. March 26 would come along, or he'd get the settlement check before, he'd retire. March 26, 2009 came around, he retired. We were told the county couldn't schedule the hearing until after that. So we said, fine. We had to comply with the agreement. He retired, and then the board rejected it. So there is no settlement. Well, what we did was we made an offer without reserving our rights to even take less money. It was rejected. And then we went back into district court. Dr. Shah, and it was in the settlement agreement, had filed a suit in 2008. I was not part of that. And was not, had not served the county. And in the settlement agreement it said that suit would be dismissed as part of the settlement. Well, after the county, the board rejected the agreement, he went and served it. And it also had these claims going back to that generally time period. At that point, the county had made another motion, was sent to Judge Wilson, made a motion to declare him a vexatious litigant, which Judge Wilson refused to do, and said just because he had this history of litigating didn't make him a vexatious litigant. It was then transferred to Judge Snyder again as a related case. I then substituted in and limited his claims only to the settlement agreement, and trying to enforce the agreement under 42 U.S.C. 1983. And my theory was, or my theory is, that at least there are certain cases where contract rights in this circuit are recognized as a statutory entitlement subject to due process protection. Is that issue before us right now or not? No, it is not. I apologize. I just, what the court had asked me, Dr. Shaw is not litigating anything any further other than he would like to enforce the settlement agreement. He would have liked to have dismissed this action had that agreement gone through. Okay. But I hear you as saying there is no operative settlement agreement that would affect this case. We've appealed the dismissal. The district court dismissed Dr. Shaw's claim to enforce the settlement agreement, saying it didn't rise to constitutional significance. We've appealed it. If it, in fact, is upheld... But is that appeal, that appeal is not before this panel of experts. No, it is not. We just filed. No, it is not. Okay. Thank you. Thank you. The case is argued. We'll stand some minutes.
judges: Kozinski, O'scannlain, Gould